# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2012

## FLETCHER GORDON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hickman County**
**No. 11CV33     Timothy Easter, Judge**

_____

**No. M2011-02356-CCA-R3-HC- Filed September 12, 2012**

_____

The Petitioner, Fletcher Gordon, pled guilty to second degree murder.  The trial court sentenced him to twenty-three years in the Tennessee Department of Correction, and it awarded him no jail credit.  The Petitioner filed a petition for writ of habeas corpus, alleging that the trial court failed to award him pretrial jail credit.  He asserted that he was incarcerated pending arraignment and trial from December 20, 2004, to August 24, 2006.  The State filed a motion to dismiss the Petitioner's motion based upon the Petitioner's failure to provide documentation supporting his claim.  The trial court granted the State's motion to dismiss the Petitioner's petition for writ of habeas corpus.  On appeal, the Petitioner contends that the trial court improperly dismissed his petition.  After a thorough review of the record and applicable authorities, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Fletcher Gordon, Only, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Kim Helper, District Attorney General, for the appellant, State of Tennessee.

## OPINION

### I. Facts and Procedural History

This is the second petition for habeas corpus relief filed by the Petitioner.  In the first,

we summarized the underlying facts of the case as follows:

> The record before us reveals that on June 10, 2005, the Davidson County Grand Jury returned a multi-count indictment charging the [P]etitioner with first degree premeditated murder, felony murder, and especially aggravated robbery. The indictment alleged that all of the offenses were committed on December 20, 2004.
>
> On August 21, 2006, the [P]etitioner pled guilty to second degree murder as a lesser-included offense of first degree murder, in exchange for a standard Range I sentence of twenty-three years, one hundred percent of which was to be served in confinement. Additionally, the plea agreement provided that the remaining charges were to be dismissed.
>
> Subsequently, on November 3, 2008, the [P]etitioner filed a petition for a writ of habeas corpus, alleging that his sentence was imposed under the 2005 amendments to the 1989 Sentencing Reform Act. The [P]etitioner contended that the trial court violated his constitutional rights by sentencing him under the 2005 amendments for an offense he committed in 2004, before the inception of the amendments. He said that he did not "properly waive his ex post facto rights"; therefore, his sentence is illegal and void.
>
> Without appointing counsel or conducting an evidentiary hearing, the habeas corpus court dismissed the petition, finding that the judgment was facially valid. Additionally, the court noted that the petitioner's sentence was imposed by agreement; therefore, there was no sentencing hearing and the petitioner's ex post facto rights were not violated. On appeal, the petitioner contests this ruling.

*Fletcher Gordon a.k.a. Gordon Fletcher v. State*, No. M2009-00344-CCA-R3-HC, 2010 WL 596440, at *1 (Tenn. Crim. App., at Nashville, Feb. 19, 2010), *no Tenn. R. App. P. 11 application filed*.

When the Petitioner appealed his first habeas corpus petition to this Court, we noted that the Petitioner's sentence was the result of a plea agreement and that, accordingly, there was nothing in the record to prove that the trial court impermissibly sentenced the Petitioner under the 2005 amendments to the Sentencing Act. We held that the Petitioner's twenty-three-year sentence fell within his sentencing range and, therefore, the Petitioner's sentence was facially valid. As a result, we, affirmed the habeas corpus court's dismissal of his petition.

The Petitioner then filed this, his second habeas corpus petition, alleging that the habeas corpus court failed to properly award him mandatory jail credits. The Petitioner attached a copy of his judgment to his petition. The State filed a motion to dismiss the habeas corpus petition, in which it contended that, to be entitled to habeas corpus relief on these grounds, a petitioner must prove (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. Further, the State alleged that a petitioner must make those two showings with "pertinent documents form the record of the underlying proceedings." The State asserted that the Petitioner attached a copy of the judgment of conviction, which indicated that the Petitioner pled guilty to second degree murder and received a sentence of twenty-three years. The judgment also indicated that no jail credit was awarded. The State noted that the Petitioner's claim must fail because the Petitioner did not attach anything to substantiate his claim that he was incarcerated pending arraignment between December 20, 2004, and August 24, 2006.

The habeas corpus court reviewed the Petitioner's petition and the State's motion to dismiss, after which it summarily dismissed the Petitioner's petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition for habeas corpus relief. He asserts that his judgment, which shows that he was not awarded any jail credit, is sufficient documentation to support his claim.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 et. seq. (2006). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Tennessee Code Annotated section 40-23-101(c) provides that the trial court "shall, at the time the sentence is imposed . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held . . . pending arraignment and trial." Due to this statutory mandate for the trial court to credit a defendant with pretrial jail time, the failure to do so creates an illegal sentence which is a cognizable claim for habeas corpus relief. *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009).

In *Tucker*, this Court stated:

[T]o mount a sustainable habeas corpus challenge regarding the award of pretrial jail credits a petitioner must establish that the trial court failed to award him the pretrial jail credits he earned under Code section 40-23-101(c). To establish the substance of his claim and bring the claim within the ambit of habeas corpus review, the petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. Any other claim of error in the award of pretrial jail credits would render the judgment voidable rather than void and would not be a cognizable claim for habeas corpus relief. *See Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008) (observing that "habeas corpus relief is not available to remedy non-jurisdictional errors, i.e., factual or legal errors a court makes in the exercise of its jurisdiction").

To satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, the petitioner must make the enumerated showings "with pertinent documents from the record of the underlying proceedings." *Summers [v. State]*, 212 S.W.3d [251], 262 [(Tenn. 2007)]. Thus, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under Code section 40-23-101 as indicated above and that the trial court erroneously failed to award it. *Summers* clearly requires that documents supporting a claim for habeas corpus relief must come from the record of the underlying proceedings. *Summers*, 212 S.W.3d at 262. Because TOMIS reports are generated by the Department of Correction following an inmate's transfer to prison, they would not be considered a part of the record of the underlying proceedings. In consequence, a TOMIS report cannot be used to establish a claim for habeas corpus relief. Any disagreement

-4-

regarding the information in TOMIS reports should be addressed via the Uniform Administrative Procedures Act.

*Id.* at 123-24.

In the case under submission, we agree with the habeas corpus court that the Petitioner's attachment of only his judgment in support of his contention is insufficient documentation that he is entitled to relief. While the judgment does reflect that the Petitioner was awarded no jail credits, it in no way indicates to what, if any, jail credits the Petitioner was entitled. The Petitioner has not, therefore, proven that he is entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the habeas corpus court properly summarily dismissed the Petitioner's petition for habeas corpus relief. The trial court's judgment is, therefore, affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE